UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BRUCE BIRCH,             )
                         )
     Petitioner,         )     2:11-cv-00516-GMN-CWH
                         )
vs.                      )
                         )     ORDER
DWIGHT NEVEN, et al.,    )
                         )
     Respondents.        )
_____/

This is an action on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is represented by the Federal Public Defender (FPD). Before the court is respondents motion to dismiss the Second Amended Petition (ECF No. 83), petitioner's opposition (ECF No. 85) and respondents' reply (ECF No. 86).

## I. PROCEDURAL HISTORY

This petition attacks petitioner's convictions for various theft related charges sustained in three separate criminal proceedings in the Second Judicial District Court of Nevada involving three separate incidents. Petitioner was alleged to have attempted to steal various items from a Home Depot store in June of 2007, and was originally charged with conspiracy to commit burglary in case number CR07-1714A (the Home Depot case). Petitioner was charged with burglary for allegedly stealing several wrenches from a Sears store in February 21, 2008, in case number CR08-1585 (the Sears case). Finally, he was alleged to have had possession of a stolen Ford truck while in a Walmart parking lot on February 21, 2008, and was charged with possession of a stolen vehicle in case number CR08-1586 (the Ford case). Exs. 2, 56 and 57 respectively.[1]

Petitioner pled guilty in the Home Depot case (exs. 14 and 15), but went to trial in the Sears and

---

[1] The exhibits referenced in this order were submitted with the Second Amended Petition and are located in the court's file at ECF Nos. 72-77, unless otherwise noted.

Ford cases. Following these trials, petitioner was sentenced to life without the possibility of parole as a habitual criminal. Exs. 113 and 114. Petitioner filed separate appeals in the cases. In the Sears case appeal, petitioner raised nine grounds for relief:

> I. Trial before a jury wearing a spit hood and visible restraints violated appellant's right to a fair trial and due process under the Fifth Amendment. Actions of restraint infringed upon the presumption of innocence.
>
> II. Absence of appellant at a critical stage of the trial denied appellant his rights under the Sixth Amendment and under Nevada law. Appellant did not waive his right to be present during his trial.
>
> III. The district court abused its discretion when it denied appellant's motion for new counsel after trial counsel had been spit [on] by appellant prior to trial and physically attacked by appellant in open court prior to the jury verdict. Refusal of trial counsel to withdraw violated the due process clause of the Fifth Amendment and the right to counsel under the Sixth Amendment.
>
> IV. The district court failed to conduct a *Faretta* canvas when appellant requested to represent himself.
>
> V. There was insufficient evidence to sustain the conviction.
>
> VI. The sentence of life without the possibility of parole for a shoplifting incident involving six wrenches from Sears was cruel and unusual punishment in violation of the Eighth Amendment. The district court abused its discretion in failing to dismiss the habitual offender enhancement filed by the State under NRS 207.010. The habitual offender enhancement was unconstitutional as applied herein under the Sixth, Eighth and Fourteenth Amendments.
>
> VII. The jury selection process utilized by the court violated the due process rights of appellant and his right to be present at all critical stages of the proceedings.
>
> VIII. Admission of the defendant's statements to Detective Bellamy was an abuse of discretion under 48.0935.
>
> IX. Cumulative errors warrant relief.

/ / /

/ / /

Ex. 155 at 1-2.  In the Ford case appeal petitioner claimed:

> I. Trial before a jury wearing a spit hood and visible restraints violated appellant's right to a fair trial and due process under the Fifth Amendment.  Actions of restraint infringed upon the presumption of innocence.
>
> II. Absence of appellant at a critical stage of the trial denied appellant his rights under the Sixth Amendment and under Nevada law.  Appellant did not waive his right to be present during jury deliberations/questions.
>
> III. The district court abused its discretion when it denied appellant's motion for new counsel after trial counsel had been spit on by appellant prior to trial and physically attacked by appellant in open court on a prior trial which ended the day before this trial and for which conduct appellant was charged with additional crimes.  Refusal of trial counsel to withdraw violated the due process clause of the Fifth Amendment and the right to counsel under the Sixth Amendment.
>
> IV. There was insufficient evidence to sustain the conviction. Appellant was merely present near the vehicle and did not exercise constructive possession of the vehicle.
>
> V. The court improperly admitted evidence as consciousness of guilt evidence under NRS 48.045(2).  The jury was improper[ly] instructed on consciousness of guilt.
>
> VI. The court improperly denied the motion to suppress evidence of the keys in appellant's property at the jail, which were improperly seized in violation of the Fourth and Fourteenth Amendments.
>
> VII. The sentence of life without the possibility of parole for a crime which alleged constructive possession of a stolen truck was cruel and unusual punishment in violation of the Eighth Amendment. The district court abused its discretion in failing to dismiss the habitual offender enhancement filed by the State under NRS 207.010.  The habitual offender enhancement was unconstitutional as applied herein under the Sixth, Eighth and Fourteenth Amendments.
>
> VIII. Admission of the defendant's statements to Detective Bellamy was an abuse of discretion under 48.035. Admission of improper bad act evidence tainted the trial.
>
> IX. Cumulative errors warrant relief.

Ex. 156 at 1-2.

1    The Nevada Supreme Court affirmed the convictions in a consolidated order. ECF No. 1; Ex. 163. Petitioner did not pursue post-conviction review of his convictions, but rather, proceeded directly to the this federal court on April 5, 2011. ECF No. 1.

Along with the original petition filed in this action, petitioner included a cover letter (ECF No. 3) which informed the court clerk:

> I am on my last few days to file postconviction habeas corpus, and I must have case numbers on all 3 of these. Im waiting on certification to file informa pauperis and will have it by the time you send me the case numbers. You have 3-2254s here separate by yellow and pink paper. 1 guilty plea two jury trial. All sentenced on the same day, tried the same week. They were all heard by the supreme court at one time, note the judgment of convictions, and affirmation by the state supreme court, which heard them all at once. They all overlap and should be heard by one judge. I was represented by an attorney whom we mutually assaulted each other several times. Its very unique. Attached is judicial misconduct complaint info on two judges. You may want to watch and fin [sic] a conflict by assigning one. Above all else I <u>must</u> have this file stamped and case numbers. Also two motion to file extra pages.
>
> Signed: Bruce Birch [address omitted.]
>
> P.S. I must have case numbers. My year is up. <u>All 3 overlap.</u>

*Id.* (grammar and syntax in the original).

The original petition and cover letter were filed on April 7, 2011. Only one petition and one motion to file extra pages were filed. Apparently, no other petitions were included in the packet received by the clerk.[2]

There are seven claims for relief in the original petition including a claim that petitioner was denied the effective assistance of counsel guaranteed by the Sixth Amendment because of a conflict between petitioner and counsel which was evidenced by multiple physical assaults against each other. Petitioner next claimed he was denied a fair trial as guaranteed by the Fifth Amendment because he was forced to wear full restraints and a spit hood while in plain sight of the jury, which "infringed upon the

---

[2] The court has reviewed the documents received by the clerk for filing. Those original documents match exactly the documents electronically filed on the docket.

presumption of innocence," rather than using a less prejudicial means of allowing petitioner to attend his trial given his conflict with counsel.

Ground three in the original petition raises a claim that he was denied the right to attend critical stages of his trial in violation of the Sixth Amendment when counsel and the judge conducted parts of the jury selection in chambers without petitioner being allowed to be present and he was denied the right to attend closing arguments because he had stabbed his counsel "repeatedly" during the trial proceedings. Ground four claims a Sixth Amendment violation when he was denied the right to represent himself, but rather, was required to proceed with the attorney he had sought to have removed and with whom he had an extreme conflict.

Ground five claims there was insufficient evidence to convict petitioner of burglary, in violation of the Sixth Amendment, because there was no evidence of the required intent to commit a crime at the time he entered the store. Ground six repeats the denial of his right to be present at jury selection. Ground seven claims cruel and unusual punishment in his sentence of life without the possibility of parole as a habitual criminal based on old convictions for non-violent crimes. The claim further alleges that the court failed in its responsibility to make an individualized determination that it was "just and proper" for this defendant to be adjudicated as a habitual criminal, when the judge indicated that he was going to impose the habitual criminal enhancements because he wanted to send a message to other criminals. Ground eight claims a Fifth Amendment violation through the denial of a fair trial due to cumulative errors.

Between April 7, 2011, and May 17, 2011, petitioner filed four letters and eleven motions or other pleadings attempting to resolve the question of the missing petitions. *See e.g.* ECF Nos. 4, 5, 10, 11 (letters); 8, 13, 18 and 19 (motions). Several of the letters were ultimately stricken from the record as improper filings. ECF Nos. 9 and 22. The motions were denied without prejudice due to the appointment of counsel. ECF No. 22.

Counsel was appointed in this case on May 3, 2011, and, after the FPD initially cited a conflict of interest (ECF No. 26), CJA counsel was appointed on June 7, 2011 (ECF No. 27). Time passed while

counsel worked to prepare the amended petition. During that time, a conflict of interest arose between petitioner and CJA counsel. ECF Nos. 34, 46. That issue was ultimately resolved by the petitioner's waiver of the original conflict with the FPD (ECF No. 63) and the acceptance of the case by the FPD (ECF No. 64). A second amended petition was filed by the FPD on December 14, 2012 (ECF No. 71), and the instant motion to dismiss followed.

**II.     DISCUSSION**

Respondents move to dismiss the second amended petition or grounds three, four and six as untimely. Respondents argue the petition is untimely because the second amended petition was not filed before the expiration of the one-year limitations period or alternatively because the particular claims do not relate back to the claims originally raised by petitioner, making them untimely. Additionally, respondents also argue that ground one of the second amended petition is unexhausted.

Petitioner argues that as a *pro se* litigant when the original petition was filed, his pleadings are entitled to liberal construction. He also argues that the claims addressed in the Nevada Supreme Court Order of Affirmance, which he attached to his original petition, should be incorporated into the petition. Finally petitioner argues that he is entitled to equitable tolling of the limitations period.

On the question of exhaustion, petitioner argues that most of the facts offered to support the claim of ineffective assistance of counsel raised in ground one of the Second Amended Petition were presented to the state court on direct appeal. He contends that any facts that were not presented do not significantly alter the nature of the claim.

These various arguments are considered below.

 A. <u>Statute of Limitations</u>

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d). The one year time limitation runs from the date on which a petitioner's judgment becomes final by conclusion of direct review, or upon the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A). Furthermore, a properly filed petition for state post-conviction relief can toll the period of limitations.

28 U.S.C. § 2244(d)(2). The triggering date for the recommencement of the AEDPA limitations period is the Nevada Supreme Court's *issuance* of the remittitur, rather than the date it is received in the district court, or filed in the Nevada Supreme Court. *Duncan v. Walker,* 533 U.S. 167, 178, 121 S.Ct. 2120 (2001); *see Gonzales v. State of Nevada*, 118 Nev. 590, 53 P.3d 901, 901-03 (2002); *see also Glauner v. State*, 107 Nev. 482, 813 P.2d 1001 (1991).

### 1. Statutory Tolling

Here, petitioner's conviction was final ninety days after the Nevada Supreme Court issued its Order of Affirmance on his direct appeal. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). Thus he had one year from May 11, 2010, to file his federal petition unless there was some tolling of the limitations period. According to respondents the amended petition, which is the subject of this motion, was untimely when it was filed on December 14, 2012, unless the claims relate back to the claims raised in the original petition submitted for filing on April 5, 2011. They argue that grounds three, four and six do not relate back to the original petition.

By the AEDPA's express terms, the limitations period is only tolled during the pendency of "a properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2) (emphasis added). Such statutory tolling is not in effect during the pendency of a federal habeas corpus petition. *Duncan v. Walker*, 533 U.S. 167, 181-82, 121 S.Ct. 2120 (2001). Because petitioner did not file a post conviction petition or other collateral review in the state court, the limitations period ran continuously from May 12, 2010, until it expired one year later on May 11, 2011.

### 2. Relation Back

Grounds three, four and six of the Second Amended Petition may be dismissed unless they relate back to the claims raised in the original timely petition.

Applications for habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. However, Rule 15(c), Federal Rules of Civil Procedure provides that an "amendment of a pleading relates back to the date of the original pleading when ... (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction,

or occurrence set out—or attempted to be set out—in the original pleading."

In attempting to formulate a proper definition for the relation back provision of Fed.R.Civ.P. Rule 15(c)(2) applicable to federal habeas review under the AEDPA, the United States Supreme Court determined that narrowing the term would be appropriate given the AEDPA's goal to expedite collateral attacks through stringent time limitations. *Mayles v. Felix,* 545 U.S. 644, 656-57, 125 S.Ct. 2562, 2570 (2005). The Supreme Court held that "relation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims," and that new claims could not relate back where the claims "depend upon events separate in 'both time and type' from the originally raised episodes." *Id.* (*citing U.S. v. Craycraft,* 167 F.3d 451, 457 (8th Cir. 1999); *Clipper Exxpress v. Rocky Mountain Motor Tariff Bureau, Inc.*, 690 F.2d 1240,1259 (9th Cir. 1982).

In ground three of the second amended petition, petitioner argues he was denied his Fifth Sixth and Fourteenth Amendment rights to trial by jury, confrontation and due process when he was excluded from participation in the peremptory challenges during jury selection and from closing arguments in the Sears case and from a "read back" during jury deliberations conducted in the Ford case. He explains that the exclusion from these proceedings was "grounded in the conflict between Birch and Lindsay," his trial counsel, "a conflict that existed and was on record long before the Sears and Ford truck jury trials commenced." ECF No. 71, Second Amended Petition, pp. 38-41. In ground four of the second amended petition, petitioner claims there was insufficient evidence presented in both the Sears case and the Ford case. *Id.* at 41-45. In ground six, petitioner claims a violation of petitioner's Fifth and Fourteenth Amendment right to remain silent during police interviews following the Sears arrest where testimony about his silence was offered during testimony and discussed by the prosecutor during closing arguments arguing it was evidence of petitioner's guilt. *Id.* at 47-49.

In arguing that the reference to the Ford case in grounds three and four, and ground six in its entirety, should relate back to the original petition, petitioner relies on numerous additional documents, motions and letters that he filed in *pro se* before the expiration of the statute of limitations. He argues that they are clear evidence of his intention to bring all of his claims to this court. Petitioner contends

that the documents he submitted with his original petition, including the Nevada Supreme Court's Order of Affirmance, which consolidated the appeals of the three cases, and his letters and motions referencing his concerns with getting the three case petitions properly filed, should all be considered liberally in construing the claims he raises. Specifically, petitioner points to his repeatedly expressed desire to get all three petitions filed within the statute of limitations (ECF No. 3). Petitioner refers the court to his motion to extend prison copy work. In that motion he noted that the court must not have received all three petitions because of the discrepancy between the weight of the package he sent to the court compared to the weight of the package that was returned to him. He sought the additional copywork funds in order to recreate the two missing 2254 habeas corpus petitions (ECF No. 7). Petitioner also filed a motion to amend (ECF No. 8) expressing his need to ensure that all three of his cases were addressed in petitions with this court because they "overlap" and are connected. Petitioner expressed concern that someone in the law library could have interfered with the mailing of his other two petitions because they were not received by this court. ECF No. 8. Petitioner filed *pro se* motions to consolidate and motions to amend to add cases. *See e.g.,* ECF Nos. 18-21.

          a.      <u>Incorporation by Reference</u>

The United States Supreme Court and the Ninth Circuit has held that attachments and exhibits to the initial pleading should be viewed as part of the pleading. *Dye v. Hofbauer*, 546 U.S. 1, 4, 126 S.Ct. 5 (2005)(clear and repeated references in a pleading to an appending document allows court to consider the document as part of the pleading); *U.S. v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003) ("Certain written instruments attached to pleadings may be considered part of the pleading."). In fact, a document may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim, even if that document is not attached to the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir.1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir.2002); *Venture Assoc. Corp. v. Zenith Data Systems Corp.*, 987 F.2d 429, 431(7th Cir.1993).

1  Respondents suggest that petitioner's reliance on *Dye v. Hofbauer* is misplaced because that case
2  explicitly addresses the issue of exhaustion, which is not analogous to the question of relation back.
3  They also contend that *Dye* expressly limits its holding to incorporation of material presented in an
4  appellate brief, determining that a reviewing court was not required to consider state court opinions in
5  evaluating *exhaustion* issues.  Reply at 3 (emphasis added.)

6  This argument misinterprets and misapplies *Dye.* Respondents overlook the Supreme Court's
7  holding that the ground for relief claiming prosecutorial misconduct in Dye's petition could not be
8  dismissed because the petitioner had made "clear and repeated references to an appended supporting
9  brief, which presented Dye's federal claim with more than sufficient particularity." *Dye,* 546 U.S. at 4,
10 126 S.Ct. 5 (*citing* Fed.R.Civ.P. 81(a)(2) and 10(c)).  *Dye's* discussion says nothing to indicate it was
11 limited to a particular type of attachment or that it was strictly limited to the issue of exhaustion.

12 As instructed by *Dye*, if the petitioner makes clear and repeated reference to an attached
13 document, in this instance the Order of Affirmance, this court must consider it as part of the petition.
14 And, if there are such references in the original petition, then the claims identified in the order would
15 rightfully be considered as raised in the petition.

16 At the time petitioner submitted his petition for filing with this court, he attached the Order of
17 Affirmance consolidating his three criminal appeals in the Ford, Sears and Home Depot cases.  In that
18 Order, the state court addressed the very claims that respondents argue are now untimely. *See* Order of
19 Affirmance, p. 2 (regarding ground 3 and 4 related to the Ford case) and p. 6 (regarding ground 6).  The
20 petition makes several references to the Order of Affirmance.  Therefore, construing the original petition
21 liberally, as discussed *infra.*, this fact militates in favor of allowing the claims to go forward.

22       b.  Liberal Construction of *Pro Se* Pleadings

23 *Pro se* litigants are entitled to liberal construction of their pleadings. *Hughes v. Rowe,* 449 U.S.
24 5, 9 (1980); *Haines v. Kerner,* 404 U.S. 4519, 92 S.Ct. 594 (1972); *Akhtar v. Mesa*, 698 F.3d 1202, 1212
25 (9th Cir. 2012) (the court has an obligation to construe a pro se petitioner's pleadings liberally and to
26 afford petitioner the benefit of any doubt); *Woods v. Carey*, 525 F.3d 886, 889–890 (9th Cir. 2008)(the

*pro se* habeas petition is to be liberally construed).

Respondents acknowledge at least one reference in ground 5 of the original petition wherein petitioner's contends that the Nevada Supreme Court was presented with the claim of insufficient evidence to convict petitioner in the Sears case. Reply at 3. The court finds similar references in grounds 1, 3 and 4 and 7. Respondents assert that such references are inadequate to meet the specific pleading standards required for habeas petitions as set out in Rule 2 of the Rules Governing Section 2254 Cases. This argument is unpersuasive given the circumstances of this case.

Petitioner's original *pro se* petition is entitled to a liberal construction. *Haines,* 404 U.S. 4519; *Hughes,* 449 U.S. at 9. Based upon the contents of petitioner's various letters to the court, and giving him the benefit of any doubt, *Akhtar*, 698 F.3d at 1212, the court is persuaded that petitioner prepared three separate petitions, each to address the claims pertinent to that case. The court is further persuaded that petitioner gave the petitions to the prison law library staff for mailing and paid the proper postage with the intent to bring all of his claims in these federal proceedings. That being the case, and liberally construing the *pro se* original petition, the court holds that grounds three, four and six of the Second Amended Petition do relate back to the original, and they are, therefore, timely.

B.  Equitable Tolling

Alternatively, petitioner is entitled to equitable tolling of the limitations period for the claims not raised in his original petition.

In addition to statutory tolling as allowed by 28 U.S.C. § 2244(d), "[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling may be appropriate." *Lott v. Meuller,* 304 F.3d 918, 922 (9th Cir. 2002), *citing Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). The availability of equitable tolling has been confirmed by the United States Supreme Court. *Holland v. Florida*, 130 S.Ct. 2549, 2563 (2010). Petitioner must demonstrate that extraordinary circumstances beyond his control made it impossible to file a timely petition. *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002).

The court's docket, the procedural history of this case and petitioner's arguments in opposition

to the motion to dismiss demonstrate that petitioner made every effort to present this court with timely federal claims addressing all of the claims raised in his three state court appeals. He delivered three petitions and an explicit cover letter explaining his intent to the law library for mailing to the court, but only a single petition was returned to him filed-stamped. He immediately wrote to the clerk again and again to seek information about the missing petitions and to reiterate the urgency that the other petitions be filed before his limitations period expired. He filed motions to amend, to consolidate, for additional copywork, and for "intervention" attempting to establish the status of his other claims. *See generally,* ECF Nos. 3-21. These documents were all filed before the expiration of the statute of limitations.

Rather than address the questions directly, the court appointed counsel, with the unstated expectation that counsel would investigate and confirm the status of his claims. This expectation was not met and petitioner now faces the consequences of events that were outside his control.

Petitioner has demonstrated that extraordinary circumstances beyond his control have prevented him from bringing all of his claims in a timely manner, despite his diligent efforts. The actions of individuals outside petitioner's control, including the prison law library and mail-room staff, the court clerk, CJA counsel and the even court, itself, have delayed or interfered with and ultimately prevented petitioner from bringing all of his claims in a timely petition. Petitioner is entitled to an equitable remedy to save his claims. *See Anthony v. Cambra*, 236 F.3d 568, 574 (9th Cir.2000) (where an error by a district court contributes to a petition's untimely filing, the district court has the equitable power to right its own wrong by accepting the untimely petition *nunc pro tunc* to a timely date); *see also Hung Viet Vu v. Kirkland,* 363 Fed. Appx. 439, 442, 2010 WL 24215, *2 (9th Cir.); *Calderon v. United States Dist. Ct. (Kelly),* 163 F.3d 530, 540 (9th Cir. 1998) (en banc).

Petitioner's limitations period will be equitably tolled from April 7, 2011, until December 14, 2012. Grounds three, four and six of the Second Amended Petition may proceed as timely filed.

C.     Exhaustion

Respondents argue that ground one of the petition is unexhausted. Ground one of the Second Amended Petition claims

> Birch was denied his right to the effective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution based upon the actual conflict of interest between Birch and his attorney and the Court's failure to substitute counsel based on the breakdown in the attorney-client relationship.

Second Amended Petition (ECF No. 71), p. 22. Petitioner alleges the claim was exhausted on direct appeal as ground three in the Sears case and as ground three in the Ford case. *Id.*; *see* Ex. 155 at 17-20; Ex.157 at 17-19; Ex. 159 at 7-11; Ex. 160 at 7-11.

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).[3] State remedies have not been exhausted unless the claim has been fairly presented to the state courts. *Carothers v. Rhay*, 594 F.2d 225, 228 (9th Cir. 1979). To fairly present a federal claim to the state court, the petitioner must alert the court to the fact that he asserts a claim under the United States Constitution. *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999), *cert. denied*, 529 U.S. 1009 (2000), *citing Duncan*, 513 U.S. at 365-66. The petitioner must make the federal nature of the claim "explicit either by citing federal law or the decisions of the federal courts." *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), *amended*, 247 F.3d 904 (9th Cir. 2001).

Respondents argue that numerous facts offered to support the claim of ineffective assistance of counsel were not included in the claim as presented to the Nevada Supreme Court. Respondents argue that petitioner never advised the Nevada Supreme Court that petitioner's counsel:

---

[3] 28 U.S.C. § 2254(b) states, in pertinent part:
> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that: (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available state corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> * * *
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

>    [1] refused to communicate with Birch before and during trial,
>    [2] failed to conduct any pretrial investigation,
>    [3] did not give Birch an opportunity to explain his preferred defense and did not pursue this defense at trial,
>    [4] failed to challenge the intent element in the Sears case,
>    [5] failed to adequately cross-examine witnesses,
>    [6] failed to object to Birch being placed in restraints,
>    [7] failed to advocate for Brich's presence at critical stages of the trial,
>    [8] failed to object to the judge's commentary on video evidence,
>    [9] made prejudicial statements regarding Birch's appearance,
>    [10] failed to file a timely and sufficient motion to suppress the seizure of the Ford truck keys,
>    [11] failed to cite relevant authorities in filing a motion to suppress,
>    [12] made prejudicial statements at sentencing,
>    [13] failed to present mitigation evidence of Birch's mental and physical health problems at sentencing, and
>    [14] failed to argue at sentencing that Birch's criminal history did not support the imposition of the maximum sentence.

Motion to Dismiss (ECF No. 82), pp. 5-6 (alterations by court). Respondents suggest that petitioner's claim is an attempt to evade petitioner's failure to use a post-conviction petition in state court as the proper vehicle to thoroughly exhaust any claim of ineffective assistance of counsel. *Id.* Respondents also contend that petitioner failed to provide any examples of how counsel's performance prejudiced petitioner.

A review of the pleadings filed with the Nevada Supreme Court on petitioner's direct appeal rebuts most respondents' arguments. Petitioner presented his claim that his Sixth Amendment right to counsel was violated and the trial court's refusal to dismiss counsel was an abuse of discretion on appeal from both the Sears and Ford cases. Exs. 155 and 156. In the opening briefs, petitioner discussed various ways that counsel was ineffective. However this list of deficiencies was more thoroughly developed in the reply briefs.

Petitioner presented the following to the Nevada Supreme Court on direct appeal:[4]

I.   Sears Case 08-1585

---

[4] This list of claims is but a summary of the allegations set out in the briefs to the Nevada Supreme Court. They are not intended to be complete or comprehensive. The court's conclusion about the exhaustion argument, therefore, is not based solely on this summary list.

A. Opening Brief

1. The attorney client relationship deteriorated to the point where petitioner advised the trial court he would do anything to get counsel off his case. Petitioner then spit in counsel's face, which resulted in an additional felony charge. Ex. 155, pp. 4-6.

2. Counsel did not visit petitioner at the jail, had not worked out any solution to the cases and did not treat petitioner like a human. *Id.* at 6.

3. After the spitting incident, counsel refused to visit petitioner at jail until petitioner begged counsel to come. *Id.* at 7.

4. Counsel never discussed or advised petitioner about his right to testify at trial. *Id.* at 10-11.

5. Counsel refused to withdraw despite being stabbed in the hand by petitioner during trial. *Id.* at 12.

6. Petitioner was denied the right to be present at closing arguments due to the completely deteriorated relationship he had with his counsel. *Id.*

7. During closing arguments, counsel stated that the defendant looked like Hannibal Lecter because of the spit hood and restraints he was required to wear throughout trial. *Id.*

8. There was a direct and actual conflict of interest. Counsel was a witness against petitioner due to the spitting incident. *Id.* at 19.

B. Reply Brief

1. Counsel threatened petitioner. Ex. 159 at 8.

2. Petitioner was charged with a felony for having assaulted counsel and counsel was a witness against petitioner in those proceedings creating an actual conflict of interest. *Id.* at 9.

3. Counsel allowed jury selection peremptory challenges to proceed without petitioner's presence, in violation of petitioner's rights. *Id.* at 10.

4. Counsel failed to timely oppose the admission of evidence of other bad acts and failed to timely move to exclude petitioner's statements about drug usage and theft. *Id.*

5. Counsel was unprepared for trial; failing to timely prepare or deliver defense witness lists and Washoe County records and advising the court he was too tired to visit his client during trial. *Id.*

6. At sentencing, counsel allowed sentencing on the [Home Depot] case to go forward before the sentencing on the habitual criminal enhancement without arguing that the [Home Depot] charge should be a gross

-15-

        misdemeanor rather than a felony. This resulted in petitioner receiving a sentence of life without the possibility of parole in the case consecutive to a sentence of 24-60 months on the earlier case. *Id.*

    7. Counsel failed to call witnesses to testify in mitigation of the habitual criminal sentence. *Id.* at 11.

    8. Counsel failed to argue that the nature of the underlying convictions used to support the habitual criminal enhancement were inconsequential or non-violent. *Id.*

    9. Counsel failed to zealously represent petitioner, despite his assurances to the trial court that he would do so. *Id.*

II. Ford Case - 08-1586

    A. <u>Opening Brief</u>

        1. The attorney client relationship deteriorated to the point where petitioner advised the trial court he would do anything to get counsel off his case. Petitioner then spit in counsel's face, which resulted in an additional felony charge. Ex. 156, pp. 4.

        2. Counsel did not visit petitioner at the jail, had not worked out any solution to the cases and did not treat petitioner like a human. *Id.* at 6.

        3. After the spitting incident, counsel refused to visit petitioner at jail until petitioner begged counsel to come. *Id.* at 7.

        4. The conflict between counsel and petitioner was so intense that petitioner moved for a mistrial. *Id.* at 18.

        5. There was a complete and actual conflict of interest between petitioner and counsel due to the physical assaults which occurred. *Id.* at 19.

        6. Police were necessary to keep peace between petitioner and his counsel. *Id.*

    B. <u>Reply Brief</u>

        1. Counsel threatened petitioner. Ex. 159 at 8.

        2. Petitioner was criminally charged for having assaulted counsel and counsel was a witness against petitioner in those proceedings creating an actual conflict of interest. *Id.* at 9.

        3. Counsel failed to timely move to limit use of petitioner's statement to police. *Id.*

        4. Counsel filed an untimely motion to dismiss and motion to suppress and these motions cited no legal authority. *Id.* Respondents opposed the motions as untimely. *Id.* at 10.

5. Counsel called no defense witnesses. *Id.*

6. Counsel failed to offer any defense witnesses or any evidence to support petitioner's defenses. Counsel did not object that there was no probable cause to retrieve the truck key from the jail property locker. The jail property clerk was not called to rebut police testimony about the timing of the removal of the truck key from the property room. *Id.*

7. Petitioner advised counsel that he had a bus ticket to refute circumstantial evidence that he had driven the truck, but counsel did not make use of that evidence. *Id.* and at 11.

8. At sentencing, counsel allowed sentencing on [the Home Depot] matter to go forward before the sentencing on the habitual criminal enhancement without arguing that [the Home Depot] charge should be a gross misdemeanor rather than a felony. This resulted in petitioner receiving a sentence of life without the possibility of parole in the Sears case consecutive to a sentence of 24-60 months on the earlier case. *Id.*

9. Counsel failed to call witnesses to testify in mitigation of the habitual criminal sentence. *Id.*

10. Counsel failed to argue that the nature of the underlying convictions used to support the habitual criminal enhancement were inconsequential or non-violent. *Id.*

11. Counsel failed to zealously represent petitioner, despite his assurances to the trial court that he would do so. *Id.* at 11.

Based on its review of the pleadings, the court concludes that ground one of the Second Amended Petition is exhausted except as to the following specific supporting facts:

1. Counsel failed to challenge the intent element of the Sears case;

2. Counsel failed to object to petitioner being placed in restraints;

3. Counsel failed to object to the judge's commentary on video evidence.

The balance of the allegations are exhausted as they were presented to the Nevada Supreme Court in the appeal briefs.

The unexhausted allegations are significant enough to alter the substance of the claim. Thus, the claim is rendered unexhausted as to those facts. *Dickens v. Ryan*, 688 F.3d 1054, 1067 (9th Cir. 2012), *citing Vasquez v. Hillery*, 474 U.S. 254, 260, 106 S.Ct. 617 (1986); *Beaty v. Stewart*, 303 F.3d 975, 989–90 (9th Cir.2002). As a result, ground one is unexhausted and the petition is mixed.

## IV.  CONCLUSION

The motion to dismiss shall be denied as to the limitations and relation back arguments. It shall be granted, in part, as to the exhaustion arguments. Because the court finds that some facts have been presented here that were not presented to the state courts, petitioner has presented a mixed petition, which must be dismissed pursuant to the holdings of *Rose v. Lundy,* 455 U.S. at 522.

However, before the petition is dismissed, petitioner will be given an opportunity to (1) either submit a sworn declaration unconditionally abandoning the unexhausted claims and proceeding only on the remaining claims, (2) return to state court to exhaust his unexhausted claims, which will result in this action being denied without prejudice, or (3) make a showing that his he has good cause for failing to exhaust those claims and that the claims are not meritless. *See Rose v. Lundy*, 455 U.S. at 510; *Rhines v. Weber*, 544 U.S. 269 (2005); *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002); *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009).

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 82) is **GRANTED IN PART AND DENIED IN PART**. Grounds three, four and six were timely filed.

**IT IS FURTHER ORDERED** that the allegations that petitioner received ineffective assistance of counsel in violation of the Sixth Amendment because

    1.    counsel failed to challenge the intent element of the Sears case;

    2.    counsel failed to object to petitioner being placed in restraints; and

    3.    counsel failed to object to the judge's commentary on video evidence,

as alleged in ground one, are unexhausted in state court.

**IT IS FURTHER ORDERED** that petitioner shall have twenty-eight (28) days from the date of entry of this order to show good cause for his failure to exhaust his unexhausted claim in state court, and to present argument regarding the question whether or not his unexhausted claim are plainly meritless. Respondents shall thereafter have twenty-one (21) days to respond. Petitioner shall thereafter have fourteen (14) days to reply.

**IT IS FURTHER ORDERED** that alternatively, petitioner may advise the court of his desire

to abandon the unexhausted claim (grounds 5(c)) by filing a sworn declaration of abandonment, signed by the petitioner, himself. This declaration shall be filed within the thirty days allowed to show cause for non-exhaustion. Petitioner's failure to choose any of the three options listed above, or seek other appropriate relief from this court, will result in his federal habeas petition being dismissed. Petitioner is advised to be mindful of the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods will have a direct and substantial effect on whatever choice he makes regarding his petition.

**IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted claim, respondents shall have forty-two (42) days from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief. Petitioner shall thereafter have twenty-eight (28) days following service of respondents' answer in which to file a reply.

**IT IS FURTHER ORDERED** that if petitioner fails to respond to this order by moving for a stay or by abandoning the unexhausted claim within the time permitted, this case may be dismissed.

Dated this 3rd day of July, 2013.

_____
Gloria M. Navarro
United States District Judge